MICHAEL BARNES (State Bar No. 121314)
JONE TRAN (State Bar No. 239311)
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:    michael.barnes@dentons.com
          jone.tran@dentons.com

Attorneys for Plaintiff ALLSTATE
NORTHBROOK INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXIS CONSUELO SARMIENTO, WILLIAM MUNDAY III, JOANNA RAWORTH, MEGAN HARRIS, ROBERT HARRIS, MARILYN HARRIS, TODD ANTHONY PRESTAGE, AMANDA PRESTAGE, ETHAN PRESTAGE, NOLAN SIM, and COOPER RIGGS,<br><br>Defendants. | Case No. '22CV1291 LL    JLB<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff Allstate Northbrook Indemnity Company, an Illinois corporation, alleges as follows:

## JURISDICTION AND VENUE

1. Allstate brings this declaratory judgment action under 28 U.S.C. section 2201 and Federal Rule of Civil Procedure 57.

- 1 -                                                                 COMPLAINT

2. Diversity jurisdiction exists under 28 U.S.C. section 1332, because, as further alleged below, the amount in controversy exceeds $75,000, excluding interest and costs, and complete diversity exists because Allstate does not share a state of citizenship with any defendant.

3. Venue is proper under 28 U.S.C. section 1391 because the claims arose in San Diego County and, at relevant times, all defendants resided in San Diego County, which is within this District. *See* 28 U.S.C. § 84(d).

## PARTIES

4. Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois. At all times relevant to this action, Allstate has been a citizen and resident of the State of Illinois.

5. Defendant Alexis Consuelo Sarmiento is, and at all relevant times was, a citizen and resident of the City of Vista in San Diego County, California, in the Southern District of California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 12). Ms. Sarmiento was, at all relevant times, a "**resident** relative" of Liliana M. Martinez, the named insured under the Allstate Auto Insurance Policy described below, and is a defendant in the underlying action also described below.

6. Defendant William Munday III is, and at all relevant times was, a citizen and resident of the City of Carlsbad in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 2). He is a plaintiff in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against him to bind him to the judgment.

7. Defendant Joanna Raworth is, and at all relevant times was, a citizen and resident of the City of Carlsbad in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 3). She is a plaintiff in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against her to bind her to the judgment.

8. Defendant Megan Harris is, and at all relevant times was, a citizen and

resident of the City of Fallbrook in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 4). She is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against her to bind her to the judgment.

9. Defendant Robert Harris is, and at all relevant times was, a citizen and resident of the City of Fallbrook in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 5). He is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against him to bind him to the judgment.

10. Defendant Marilyn Harris is, and at all relevant times was, a citizen and resident of the City of Fallbrook in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 6). She is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against her to bind her to the judgment.

11. Defendant Todd Anthony Prestage[1] is, and at all relevant times was, a citizen and resident of the City of Carlsbad in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 7). He is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against him to bind him to the judgment.

12. Defendant Amanda Prestage is, and at all relevant times was, a citizen and resident of the City of Carlsbad in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 8). She is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against her to bind her to the judgment.

13. Defendant Ethan Prestage is, and at all relevant times was, a citizen

---

[1] Mr. Prestage is referred to as "Todd Raymond Prestage" in the caption of the second amended complaint, but as "Todd Anthony Prestage" within the pleading. (Ex. A.)

and resident of the City of Carlsbad in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 9). He is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against him to bind him to the judgment.

14. Defendant Nolan Sim is, and at all relevant times was, a citizen and resident of the City of Fallbrook in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 10). He is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against him to bind him to the judgment.

15. Defendant Cooper Riggs is, and at all relevant times was, a citizen and resident of the City of Fallbrook in San Diego County, California. *See* 28 U.S.C. § 84(d); (Ex. A ¶ 11). He is a defendant in the underlying action described below and a potential claimant under the policy of insurance described below. For that reason, this complaint is filed against him to bind him to the judgment.

## THE UNDERLYING ACTION

16. On September 1, 2020, Mr. Munday and Ms. Raworth commenced an action in the San Diego Superior Court, titled *Munday, et al., v. Harris, et al.*, Case No. 37-2020-00030643-CU-PO-NC (the "Underlying Action"). Their second amended complaint in the Underlying Action names Megan Harris, Robert Harris, Marilyn Harris, Todd Anthony Prestage, Amanda Prestage, Ethan Prestage, Nolan Sim, Cooper Riggs, and Alexis Consuelo Sarmiento as defendants. A true and correct copy of the second amended complaint for damages in the Underlying Action is attached hereto as Exhibit A and incorporated herein by reference.

17. The Underlying Action arises from a single-car accident that occurred on June 24, 2020 and resulted in the death of Jack Munday, who is Mr. Munday and Ms. Raworth's son. Mr. Munday and Ms. Raworth contend that Ms. Harris was driving the Prestages' 1999 Toyota 4Runner at an unsafe speed when she lost control of the vehicle and flipped it, fatally injuring her passenger, Jack Munday.

- 4 -    COMPLAINT

They allege that Ms. Harris was a minor driving on a provisional license and have therefore sued her parents, Robert and Marilyn Harris, alleging they were legally responsible for her conduct. They further allege that Ms. Sarmiento, Mr. Riggs, and Mr. Sim (all minors and passengers in the vehicle) negligently encouraged Ms. Harris to repeatedly speed over slopes on Carlsbad Village Drive, an undulating residential street, to become airborne, which led to the crash of the vehicle and the death of Jack Munday.

18. In the Underlying Action, Mr. Munday and Ms. Raworth assert causes of action against Ms. Sarmiento, Mr. Riggs, and Mr. Sim for negligence, wrongful death, negligence *per se*, violations of California Vehicle Code sections 21701 (prohibiting willful interference with a driver's operation of a vehicle) and 23109 (prohibiting aiding and abetting of the exhibition of speed on a highway), aiding and abetting, and civil conspiracy. Mr. Munday and Ms. Raworth also assert causes of action against the Harrises and the Prestages for negligence/wrongful death and negligent entrustment (the Prestages only).

19. Allstate is informed and believes that, in the Underlying Action, Mr. Munday and Mr. Raworth seek general and special damages, costs, and prejudgment interest in excess of $75,000.

20. Certain defendants in the Underlying Action have cross-complained against certain other defendants for, *inter alia*, contribution, indemnity, apportionment of fault, and/or other liability-sharing theories.

## POLICY

21. Allstate insured Liliana M. Martinez as the named insured on June 24, 2020 under Auto Insurance Policy number 937 456 908 (the "Policy"). On that date, the Policy insured a 2008 Honda Odyssey with bodily injury liability limits of $100,000 per person and $300,000 per accident. Allstate is informed and believes that Alexis Sarmiento was a "**resident** relative" and therefore qualified as an "insured person" under the Policy on June 24, 2020. The pertinent terms of the

Policy are set forth below in paragraphs 22 through 26.

22. The basic insuring agreement of the Policy's liability coverage provides as follows:

> **Insuring Agreement**
>
> **We** will pay those damages an insured person is legally obligated to pay because of:
>
> 1. **bodily injury** sustained by any person; and
> 2. damage to, or destruction of property.
>
> Under these coverages, **your** policy protects an insured person from liability for damage arising out of the ownership, maintenance or use, loading or unloading of an insured **auto**. Payments will be made only for damages resulting from covered **bodily injury** and/or property damage.
>
> **We** will defend an insured person sued for damages which are covered by this policy even if the suit is groundless or false. **We** will choose the counsel. **We** may settle any claim or suit if **we** believe it is proper. **We** will not defend an insured person sued for damages which are not covered by this policy.

23. "**You**" and "**your**" are defined in the Policy as follows:

> "**You**" or "**Your**" – means the policyholder named on the Policy Declarations and:
>
> a) that policyholder's **resident** spouse; or
> b) a party who has established with that policyholder a registered domestic partnership under California state law if a **resident** of the same household.

24. The Policy defines "**resident**" as follows:

> "**Resident**" – means a person who physically resides in **your** household with the intention of continuing residence there. **Your** unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in **your** household.

25. The Policy provides that the following are "insured persons":

**Insured Persons**

1. With respect to **your** insured **auto**:

   a) **you**;
   b) any **resident**; and
   c) any other person using it with **your** permission.

2. With respect to a non-owned **auto**:

   a) **you**; and
   b) any **resident** relative using a four-wheel private passenger **auto** or **utility auto**.

3. Any other person or organization liable for the use of an insured **auto** if the **auto** is not owned or hired by the person or organization, provided the use is by an insured person under 1. or 2. above and then only for that person's acts or omissions.

26. The policy lists the categories of "insured autos" as follows:

**Insured Autos**

1. Any **auto** described on the Policy Declarations. This includes the four wheel private passenger **auto** or **utility auto you** replace it with.

2. An additional four wheel private passenger **auto** or **utility auto you** become the owner of during the policy period will be covered for 30 days immediately after **you** acquire it. However, **we** will provide this coverage only if **Allstate** or one of its affiliates insures all other private passenger **autos** or **utility autos you** own, and **you** pay the additional premium.

   Coverage will be continued beyond this 30 day period only if:
   a) **you** ask **us** to continue coverage within 30

      days after **you** acquire the **auto** or **utility auto**;

  **b)** **we** agree to continue coverage for this additional **auto** or **utility auto;**

  **c)** **you** pay the additional premium.

**3.** A substitute four wheel private passenger **auto** or **utility auto,** not owned by **you** or a **resident,** being temporarily used while **your** insured **auto** is being serviced or repaired, or if **your** insured auto is stolen or destroyed.

**4.** A non-owned **auto** used by **you** or a **resident** relative with the owner's permission. This **auto** must not be owned by or available or furnished for the regular use of **you** or a **resident** relative.

**5.** A trailer while attached to an insured **auto.** The trailer must be designed for use with a private passenger **auto** or **utility auto.** This trailer can't be used for business purposes with other than a private passenger **auto** or **utility auto.**

27. Insurance Code section 11580.06(g) states that "[t]he term 'use' when applied to a motor vehicle shall only mean operating, maintaining, loading, or unloading a motor vehicle."

28. Insurance Code section 11580.06(f) states that "[t]he term 'operated by' or 'when operating' shall be conclusively presumed to describe the conduct of the person sitting immediately behind the steering controls of the motor vehicle." Section 11580.06(f) further provides that, "[t]he person shall be conclusively presumed to be the sole operator of the motor vehicle."

## TENDER OF DEFENSE

29. Ms. Sarmiento's defense in the Underlying Action, which had been initiated on September 1, 2020, was tendered to Allstate in 2022, with the request that Allstate defend and indemnify her therein under the Policy.

30. In response to the tender of the Underlying Action, Allstate agreed to

1  pay for Ms. Sarmiento's defense therein under a "reservation of rights." In its
2  letter reserving its rights, Allstate specifically reserved the right to seek
3  reimbursement from Ms. Sarmiento of any settlement payments, legal fees, or
4  other litigation expenses incurred on her behalf that were attributable to
5  noncovered allegations.

6  31.  Allstate is informed and believes that the damages sought in the Underlying Action, coupled with the costs of defending Ms. Sarmiento exceed $75,000.

9  32.  By this action, Allstate seeks a judicial declaration concerning the coverage (or lack thereof) its policy affords to Ms. Sarmiento for her alleged liability in the Underlying Action.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY RELIEF ON DUTY TO DEFEND
**(Against Defendant Alexis Consuelo Sarmiento)**

33.  Allstate hereby realleges and incorporates by this reference the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34.  As a result of the policy language and statutory provisions set forth above in paragraphs 22 through 28, Allstate contends it owes and owed no duty to defend Ms. Sarmiento in the Underlying Action under the Policy because, among other reasons, (1) the incident at issue therein did not involve an "insured auto," (2) the incident did not involve an "insured person," and/or (3) Ms. Sarmiento was not "using" a vehicle at the time of the incident.

35.  By reason of the foregoing, there now exists an actual, justiciable controversy between the parties hereto within the meaning of 28 U.S.C. section 2201, in that Allstate contends it has and had no duty under the Policy to defend Ms. Sarmiento in the Underlying Action, whereas Allstate is informed and believes that Ms. Sarmiento contends it has and had such a duty. This Court is vested with

the power to declare and adjudicate the respective rights, duties, and obligations of the parties hereto with respect to the issues raised by this claim for declaratory relief.

## SECOND CLAIM FOR RELIEF:
## DECLARATORY RELIEF ON DUTY TO INDEMNIFY
(**Against All Defendants**)

36. Allstate hereby realleges and incorporates by this reference the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

37. By reason of the foregoing, there now exists an actual, justiciable controversy between Allstate and the defendants within the meaning of 28 U.S.C. section 2201, in that Allstate contends it will have no duty to indemnify Ms. Sarmiento under the Policy for any adverse judgment in the Underlying Action based on the language described above in paragraphs 22 through 28 and/or other provisions of the Policy and/or California law. Allstate is informed and believes that one or more defendants, on the other hand, contend it will have a duty to indemnify Ms. Sarmiento for any adverse judgment against her in the Underlying Action. This Court is vested with the power and authority to adjudicate the parties' respective rights, duties, and obligations under the Policy for the allegations asserted against Ms. Sarmiento in the Underlying Action.

## THIRD CLAIM FOR RELIEF:
## REIMBURSEMENT OF DEFENSE COSTS
(**Against Defendant Alexis Consuelo Sarmiento**)

38. Allstate hereby realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 37 above as though fully set forth herein.

39. Because Allstate has and had no duty under the Policy to defend Ms. Sarmiento in the Underlying Action, it is entitled to reimbursement of all legal

fees, court costs, and other defense expenses incurred on her behalf pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643 (2005).  In the alternative, it is entitled to reimbursement of those legal fees and court costs that are attributable to the defense of noncovered allegations as authorized by *Buss v. Superior Ct.*, 16 Cal. 4th 35 (1997).

## **PRAYER FOR RELIEF**

Wherefore, Allstate prays as follows:

1. For a judgment declaring it has and had no duty to defend Ms. Sarmiento in the Underlying Action;

2. For a judgment declaring it will have no duty to indemnify Ms. Sarmiento for any adverse judgment or settlement in the Underlying Action under the Policy;

3. For a judgment entitling it to reimbursement from Ms. Sarmiento of all attorneys' fees, court costs, and other expenses incurred on her behalf in the Underlying Action;

4. In the alternative, for a declaration of the parties' respective rights, duties, and obligations under the Policy with respect to the Underlying Action;

5. For its costs incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated:  August 31, 2022                     Respectfully submitted,

DENTONS US LLP


By:  /s/ JONE TRAN
         MICHAEL BARNES
         JONE TRAN

Attorneys for Plaintiff ALLSTATE NORTHBROOK INDEMNITY COMPANY